Stuart J. West
SBN 202041
West & Associates, A PC
3050 Citrus Circle, Ste. 207
Walnut Creek, CA  94598
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WellTheory Technologies, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> The Well Theory, LLC , <br><br> Defendant and <br><br> DOES 1-100 | Case No.: <br><br> **Complaint for Declaratory Judgment re: Non-Infringement of Trademark** |

Plaintiff WellTheory Technologies, Inc. ("Plaintiff"), by and through its attorneys, West & Associates, A PC, files its Complaint for Declaratory Judgment against Defendant The Well Theory, LLC ("Defendant") and respectfully shows as follows:

## PRELIMINARY STATEMENT

1. This is an action seeking declaratory relief.  Plaintiff is an online provider of health and wellness services, namely, lifestyle coaching services provided to support patients with autoimmune disorders and conditions.  Defendant produces and sells medicated and non-medicated skin care preparations and runs an online store selling its medicated and non-medicated skin care preparations.  Defendant has obtained registration for the word mark

"WELL THEORY" (Registration No. 6719276) and has accused Plaintiff of trademark infringement for its use of its WellTheory mark.  Plaintiff contends that the goods and services provided by Plaintiff and Defendant are significantly different and will not cause confusion to customers as to the source of the provider of goods/services.  Defendant is seeking to obtain an unfair business advantage by preventing Plaintiff from using its WellTheory mark.  This Declaratory Relief Action seeks to resolve this dispute by requesting judgement that there is no likelihood of confusion between Plaintiff's mark and Defendant's mark, thereby releasing Plaintiff from any claims of infringement.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over these claims pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq, 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

3. Plaintiff is informed, believes, and theron alleges that Defendant has sufficient contact with this district generally and, in particular, with the events here alleged, including, but not limited to its business activities involving the advertising and sale of its goods over the internet to the citizens in this district, so as to subject it both the personal jurisdiction in this court and to make this court a proper venue pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff WellTheory Technologies, Inc. is a corporation formed under the laws of the state of Delaware and has an address of 68 Tuscaloosa Avenue, Atherton, CA  94027.

5. Upon information and belief, Defendant The Well Theory, LLC is a limited liability company formed under the laws of the state of Delaware and has an address of 11926 Lake Estates Avenue, Baton Rouge, LA 70810.

**FACTUAL ALLEGATIONS**

6. Defendant has registered on the Principal Register the word mark "Well Theory" for use in connection with, "Non-medicated skin care preparations, namely, balms, creams, lotions, gels, sprays, oils, and ointments, none of the aforementioned containing hemp, cannabis, or cannabidiol; non-medicated non-therapeutic skin care preparations, namely, balms, creams, lotions, gels, sprays, oils, and ointments containing full-spectrum and broad-spectrum cannabinoids derived from industrial hemp with a delta-9 tetrahydrocannabinol THC concentration of not more than 0.3 percent on a dry weight basis; and non-medicated skin care preparations, namely, balms, creams, lotions, gels, sprays, oils, and ointments containing essential oil blends and natural botanicals, none of the aforementioned containing hemp, cannabis, or cannabidiol; Medicated skin care preparations, namely, creams, balms, lotions, sprays, gels, ointments and patches containing essential oil blends and natural botanicals, none of the aforementioned containing hemp, cannabis, or cannabidiol; and dietary and nutritional supplement products and multi-vitamins, in drops and in capsule form, containing essential oil blends and natural botanicals, none of the aforementioned containing hemp, cannabis, or cannabidiol; On-line retail store services featuring non-medicated skin care preparations and medicated skin care preparations, none of the aforementioned featured goods containing hemp, cannabis, or cannabidiol" (IC 0003, 0005, 0035) under Registration No. 6719276, on May 3, 2022.

7. Defendant's use of the Well Theory mark for skin preparations and an online retail store that sells those skin preparations is not likely to be confused with Plaintiff's online services provided to those with autoimmune health concerns.

8. A consumer searching for skin preparations and/or an online store that sells skin preparations is not likely to come across Plaintiff's website or believe that Plaintiff's website is from the same source.

9. Plaintiff's services will be provided only after a client signs up for the service, further reducing any possible likelihood of confusion between Plaintiff's or Defendant's use of the marks.

10. Consumers with autoimmune health concerns are likely to have researched their health concerns and educated themselves regarding such health concerns. Someone looking to have a licensed professional assist them with their autoimmune health will exercise extra care, greatly reducing, or eliminating, any confusion between the goods/services provided by Plaintiff and Defendant.

11. The goods and services provided by Plaintiff and Defendant fall into different classes of goods/services, greatly reducing the likelihood of confusion. Plaintiff's services fall into international class 044 and Defendant's registration covers international classes 003, 005, and 035.

12. The price points of Plaintiff's and Defendant's goods and services are dramatically different.

13. Balms, creams, lotions, gels, sprays, oils, and ointments are likely to cost much less than services provided by trained professionals meant to assist those with autoimmune health concerns.

14. Services like those provided by Plaintiff will likely cost, at minimum, $50 per month.

15. Defendant has a made a real and tangible treat of litigation and created a real case in controversy by expressly stating that "…my client has instructed me to oppose your client's registration."—Letter dated June 9, 2022 from Breazeale, Sachse & Wilson, LLP, counsel for and on behalf of Defendant.

16. There is a real and actual controversy between Plaintiff and Defendant regarding Plaintiff's alleged infringement of Defendant's mark.

## COUNT ONE:  DECLARATORY RELIEF BASED ON NO LIKELIHOOD OF CONFUSION

17. Plaintiff repeats and incorporates as thoughtfully set forth herein each and every allegation contained in paragraphs 1-16 above.

18. Defendant's communications with Plaintiff caused reasonable anticipation of litigation.

19. There is no likelihood of confusion between Plaintiff's mark and Defendant's mark as an indication of source.

20. The goods/services provided by Plaintiff and Defendant are not similar.

21. Therefore, Plaintiff is not infringing Defendant's Well Theory mark and Plaintiff should be released from any claims of infringement.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1. A declaratory judgment that Plaintiff's use of WellTheory does not constitute infringement;

2. Injunctive relief preventing Defendant, and its agents, servants, employees, successors and assigns, and all those in privity with it, from bringing any lawsuit or threat against Plaintiff for trademark infringement for its use of the term WellTheory, including, but not limited to Plaintiff's use of the term on its website, products, advertising materials, and related items;

3. For Plaintiff's additional costs and disbursements;

4. For such and further relief as the Court may deem just and proper.

Dated:  July 8, 2022                     Respectfully submitted,
       Walnut Creek, CA            West & Associates, A PC

/s/ Stuart J. West
Stuart J. West, SBN 202041
3050 Citrus Circle, Ste. 207
Walnut Creek, CA 94598
925-262-2220
court@westpatentlaw.com
Attorney for Plaintiff